IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES BRUCE THOMAS, Inmate #K89065, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL NO. 04-232-MJR |
| vs. | )<br>) |
| GARY DUNCAN and STEVE WEENS, | )<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff has tendered the entire filing fee.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff states that he was unjustly deprived of his property, a 1990 Cadillac automobile, by

Defendants without due process of law.  Plaintiff seeks return of or reimbursement for the car. Plaintiff states that in November 1997, the vehicle was seized by authorities in connection with a criminal investigation.  Plaintiff states that the Illinois State's Attorney failed to comply with Illinois state law when it seized the vehicle in that the vehicle was not delivered to the Sheriff of Jefferson County in accordance with 720 ILCS 5/36-1.  Instead, the vehicle was seized and stored at Ween's Towing, a privately owned towing and storage facility.  The State's Attorney placed a hold on the vehicle, preventing Plaintiff's representative from paying the storage charges that had accrued.  The hold was not lifted until a year later, at which point $4,500 in storage fees had accrued and by that time, Plaintiff was unable to pay that amount and could not retrieve his car.  Plaintiff states that the State's Attorney had no reasonable justification for refusing to lift the hold because he knew or should have known after only a few days that the vehicle was not used in the commission of a crime. Plaintiff seeks return of the vehicle or compensation for its Blue Book value.

Plaintiff also states that he was deprived of due process in a state court proceeding in which he sought return of the vehicle.  Plaintiff states that attempted to bring his claim for the vehicle in Illinois Circuit Court, but that the suit was dismissed for lack of subject matter jurisdiction, because it should have been brought in the Illinois Court of Claims.  Plaintiff states that he then filed in the Court of Claims, but that the suit was dismissed there for lack of subject matter jurisdiction, because it should have been brought in Circuit Court.  Plaintiff then sought relief from judgment in the Circuit Court, but by the time he did so, he had missed the deadline for filing.  Plaintiff argues that his motion for relief from judgment should have been recognized by the Circuit Court because the State's Attorney committed fraud upon the Circuit Court.  Plaintiff asks that the Court to "exercise its equitable powers and order such relief as the Court deems just and proper to prevent injustice in this cause."

The only constitutional right that might be implicated by these facts is plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, plaintiff has no claim under Section 1983.

Furthermore, the Court does not have jurisdiction over this matter. Under the *Rooker-Feldman* doctrine, a lower federal court does not have jurisdiction to review decisions of state courts. *See Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004) ("Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry"). In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 10th day of November, 2005.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**